ffUNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Christopher Odom, | ) | C/A No. 5:16-cv-02674-RMG-KDW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| State of South Carolina, Jason King; Charles Patrick; Judge Mullins; S.C. Budget & Control Board; Judge James Gosnell; Governor Nikki Haley; Mayor Joe Riley; Mayor Keith Sumney; Judge Garfinkel; Judge Kristi Harrington; Judge Jefferson; State Attorney Alan Wilson; P.D. Ashley Pennington; Prosecutor Scarlett Wilson; Michael Grant; Dollar Tree; MUSC; Dr. Stephanie Montgomery; CARTA Bus Co.; CARTA Bus Wheelchair Lift Manufacturer; CARTA Bus Insurer; CARTA Bus Driver John; Officer Cherry; Officer Ho; Unknown Police Officer; Officer Tugya; Charleston Police Dep't; City of North Charleston Police Dep't; City of Charleston Taxpayers; S.C. State Taxpayers; County of Charleston Taxpayers; City of North Charleston Taxpayers; CHAMPUS; FNU LNU, FNU LNU; and Officer Richardson. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

This is a civil action filed by a pro se litigant requesting to proceed *in forma pauperis*. Pursuant to 28 U.S.C. §636(b)(1), and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in such pro se cases and to submit findings and recommendations to the district court. In the caption of his Complaint, Plaintiff wrote: "Request Judge Gergel & Magistrate Judge Kaynmani [sic] to recuse themselves due to prejudice."

Compl. 1, ECF No. 1.[1] Plaintiff has not filed a formal motion to recuse however if the court were to the construe the quoted request as a motion, it would be denied because Plaintiff presents no support for his assertion of "prejudice." Moreover, were the court to construe Plaintiff's use of the conclusory single word "prejudice" as Plaintiff's complaining about the undersigned having issued Reports and Recommendations in several of his previous unsuccessful cases in this court, recusal is not required. The fact that a judge has ruled against a litigant in a different matter does not require recusal from subsequent cases filed by the same litigant. Accordingly, the undersigned submits the following Report and Recommendation ("Report") notwithstanding Plaintiff's recusal request.

I.    Factual and Procedural Background

In the Complaint now under review, Plaintiff used a court-approved claim form to which he has attached what appears to be a state-court complaint against several of Defendants named in this matter (CARTA Bus Co., CARTA Bus Wheelchair Lift Manufacturer, CARTA Bus Insurer, CARTA Bus Driver John).[2] *See* ECF No. 1 at 6-9. In the caption of the instant Complaint, Plaintiff lists as Defendants all 32 of the defendants he named in his most recent case in this court, *Odom v. Haley*, No. 5:15-cv-01951-RMG, as well as six new Defendants: the State of South Carolina; Jason King; Charles Patrick; Judge Mullins; S.C. Budget & Control Board; and Judge James Gosnell. ECF No. 1 at 1-2. Plaintiff indicates this court has jurisdiction over his

---

[1] Plaintiff wrote page numbers on his pleading that do not correspond to the numbers showing on the court's electronic docket. The page number citations in this Report are taken from the court's docket.

[2] According to the online records of the Charleston County Clerk of Court, there is a currently pending civil action in Charleston County Court of Common Pleas with Plaintiff as the plaintiff being represented by court-appointed legal counsel. The state court complaint is identical to pages 8-12 of the Complaint now under review. *Odom v. Doe*, No. 2015CP1004740; http://jcmsweb.charlestoncounty.org/PublicIndex/CaseDetails.aspx?County=10&CourtAgency=10002&Casenum=2015CP1004740&CaseType=V (last consulted Aug. 10, 2016).

2

case because it involves a federal question, but he lists no federal statutes, treaties, or constitutional provisions as being at issue. Instead, Plaintiff lists four case citations, two with incorrect volumes and/or pages. Plaintiff provides no explanation of the reasons for his citation of the four cases. *Id.* at 4.The undersigned has corrected the case citations and has added explanatory parentheticals after each citation: *Nat'l Fed'n of Indep. Business v. Sebelius*, 132 S. Ct. 2566 (2012) (addressing Congressional power under the Commerce Clause and various mandates under the Patient Protection and Affordable Care Act); *Powell v. Alabama*, 287 U.S. 45 (1932) (capital offense requires appointed counsel); *United States v. Dillon*, 346 F.2d 633 (9th Cir. 1965) (attorneys obliged to represent indigents if appointed); *S.C. Dep't of Soc. Servs. v. Tharp*, 439 S.E.2d 856, 857 (S.C. 1994) (attorney could be appointed to and must represent indigent facing termination of parental rights).

With the exception of the allegations contained in the copy of his state-court complaint, *see* ECF No. 1 at 6-8, Plaintiff's entire statement of claim reads as follows.

> (1) CARTA, CARTA Bus driver. CARTA Bus Wheelchair manufacturer accident on 9-19-2012 (see U.S.C.A. # 15-7101) appeal to Supreme Court. "personel [sic] injury" "Attention" -- Christopher Odom S.C.D.M.H. #crcoo463949624707 -- is "traumatize by the effects/action/harm by all listed Defendants." (2) Dollar Tree/Michael Grant -> defamation, false report file/arrest on 4-28-15 Demand $76,000.00 dollars to include not limited of social media defamation. (3) State of South Carolina et. al defendants (see U.S.C.A. # 15-7101[3] statement of claim to include however not limited case # 2015A1010201892 Bicycle/license (4) S.C. Budget & Control Board Note: Plaintiff enter statement of claim case # U.S.C.A.#14

ECF No. 1 at 5. Plaintiff's request for relief in the Complaint under review reads in its entirety:

> Re-open relief requested in case # U.S.C.A. # 15-7101 based on medical records, social media defamation, injuries due to legal & medical malpractice verified by

---

[3] Plaintiff's references to "U.S.C.A. # 15-7101" are to the appeal number the Fourth Circuit Court of Appeals assigned to Plaintiff's appeal from his most recent case in this court. The Fourth Circuit affirmed this court's judgment, modifying it only to remove the strike designation. The Fourth Circuit did not remand the prior case to the court. *Odom v. Haley*, 627 F. App'x 250 (4th Cir. 2015).

3

> Social Security claim # M73101 Supreme Court of United States cite at 567 US (2012)

ECF No. 1 at 5.

II.     Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the pro se Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915. The review has been conducted in light of the following precedents: *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978).

The Complaint in this case was filed under 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." 28 U.S.C. §1915(e)(2)(B)(I), (ii). Hence, under 28 U.S.C. §1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed sua sponte. *Neitzke v. Williams*, 490 U.S. 319 (1989).

This court is required to liberally construe pro se pleadings, *Estelle v. Gamble*, 429 U.S. at 97, holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 5 (1980). The mandated liberal construction afforded pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a pleading to "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal

district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390-91 (4th Cir. 1990). Even under this less stringent standard, however, the pro se Complaint under review in this case is subject to summary dismissal.

III.     Discussion

    A.     Plaintiff's Most Recently Ended Federal Case

In May and June of 2015 this court extensively addressed a complaint filed by this pro se litigant while he was incarcerated and found that complaint would be summarily dismissed and that it would count as Plaintiff's third strike under the Prison Litigation Reform Act ("PLRA"). *Odom v. Haley*, No. 5:15-cv-01951-RMG, 2015 WL 3865814 (D.S.C. June 19, 2015), *aff'd as modified*, 627 F. App'x 250 (4th Cir. 2015). The Fourth Circuit modified this court's judgment by holding that the dismissal of Plaintiff's case did not qualify as a strike; however, it affirmed the remainder of the judgment. 627 F. App'x at 251. The following causes of action Plaintiff attempted to pursue against 32 defendants in Case no. 5:15-cv-01951-RMG were dismissed *with prejudice* because they were state-law-based claims: 1) a negligence claim against CARTA Bus Company and associated persons and entities ("the bus accident"); 2) a medical malpractice claim against MUSC and Dr. Montgomery; 3) a claim against Officer Ho and Unknown Officer for lost property—a bicycle and driver's license ("the property loss"); and 4) a claim against Female Victim Advocate and Officer Richardson for defamation or slander. Additional claims against South Carolina's Governor, two city mayors, the Charleston County Sheriff, several state judges and prosecutors, a public defender, MUSC and one of its doctors, and several groups of taxpayers for false incarceration or imprisonment or false arrest or lack of due process allegedly arising from his involuntary commitment to South Carolina Department of Mental Health ("SCDMH") ("SCDMH placement") were also dismissed *with prejudice* on the basis of immunity and/or *Heck v. Humphrey*, 512 U.S. 477 (1994). Further, the following five purported

causes of action were dismissed without prejudice for failure to state a plausible claim: 1) a claim against Officer Cherry for allowing an unknown civilian to assault Plaintiff; 2) a claim against Judge Garfinkel without allegations of wrongdoing; 3) a claim against unknown persons for past conditions of confinement; 4) Michael Grant and Officer Richardson for false arrest and defamation; and 5) a claim against Officer Tugya relating to a then-pending strong-arm robbery case. *Odom v. Haley*, No. 5:15-cv-01951-RMG-KDW, 2015 WL 3843321, at \*\*8-10 (May 29, 2015), *report and recommendation adopted*, 2015 WL 3865814 (D.S.C. June 19, 2015). Plaintiff was clearly informed of the legal basis for the dismissal of each claim and was warned that he should restrain from filing "frivolous, vexational, or delusional law suits" to avoid having sanctions entered against him. 2015 WL 3843321, at \*10.

      B.     Claims Previously Dismissed with Prejudice

Although his allegations in the Complaint now under review are quite conclusory, it appears that Plaintiff is trying to re-plead four claims that were previously dismissed by this court *with prejudice*: 1) the bus-accident claim; 2) the medical-malpractice claim; 3) the placement-in-the-custody-of-the-SCDMH claim; and 4) the property-loss claim. *See* ECF No. 1 at 5. Plaintiff cannot again pursue such claims because a dismissal *with prejudice* operates as a decision on the merits of a claim, and any attempt to re-plead the same claim against the same defendants is barred by res judicata, unless the dismissal was based on lack of jurisdiction. *See, e.g., Schiff v. Kennedy*, 691 F.2d 196, 197 (4th Cir. 1982) (dismissals based on lack of jurisdiction do not have res judicata effect on subsequent cases). *Assa'ad-Faltas v. Pres. of Univ. of S.C.*, 291 F. App'x 534, 536 (4th Cir. 2008) (citing *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 686 (9th Cir.2005) (holding, in res judicata context, that "'final judgment on the merits' is synonymous with 'dismissal with prejudice'")); *Canterbury v. J. P. Morgan Acquisition Corp.*, 958 F. Supp. 637, 645 (W.D. Va. 2013) (dismissal with prejudice operates as

a final judgment and subjects subsequent identical suits against the same parties to dismissal under the doctrine of res judicata); 9 Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 2373 (3d ed. 1998) ("because an involuntary dismissal is an adjudication on the merits, it is, in the phrase commonly used by the federal courts, 'with prejudice'" and it operates as "a bar to a second suit on the same claim"). Here, the SCDMH-placement claim was not dismissed for lack of federal jurisdiction, thus it is barred by res judicata. The bus-accident claim, the medical-malpractice claim, and the property-loss claim were dismissed for lack of federal jurisdiction, making res judicata inapplicable. *See Schiff*, 691 F.2d at 197. Nonetheless these claims are not properly pursued in this court: Plaintiff has provided no new or different allegations that would change the court's previous and final determination that they were not federal claims. Accordingly, Plaintiff's Complaint is subject to summary dismissal with prejudice as to those four claims.

   C. Claims Previously Dismissed without Prejudice

Moreover, Plaintiff's attempt to re-plead his defamation and false-crime-report claim against Dollar Tree and Michael Grant, which was dismissed *without prejudice* in Case No. 5:15-cv-01951-RMG, fails the Complaint being considered contains only conclusory factual allegations from which this court cannot determine that any plausible claim exists. Because Plaintiff does not provide any factual background to support his conclusory assertion of "defamation, false report file/arrest on 4-28-15." ECF No. 1 at 5, there is nothing from which this court can infer that Dollar Tree and/or Michael Grant are liable for any wrongdoing. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (pleadings, whether submitted by attorneys or by pro se litigants, must contain sufficient "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"); *see also Godbey v. Simmons*, No. 1:11cv704 (TSE/TCB), 2014 WL 345648, at *4 (E.D. Va. Jan. 30, 2014) ("Whether filed by

a pro se litigant or not, 'claims brought in federal court are subject to the generally applicable standards set forth in the Supreme Court's entire Rule 8(a) jurisprudence, including [*Bell Atlantic v.*] *Twombly*, [550 U.S. 544 (2007)] and *Iqbal*.'") (quoting from *Cook v. Howard*, 484 F. App'x 805, 810 (4th Cir. 2012)). It is true that Plaintiff asks this court to "reopen" a Fourth Circuit appeal ("U.S.C.A. # 15-1701") perhaps—though this is not clear—so he can rely on factual allegations made in the case that was the subject matter of that appeal, but this trial court has no authority to reopen an appeal. In any event, this court ruled that the allegations in Plaintiff's complaint in Case No. 5:15-cv-01951-RMG—the subject matter of Appeal No. 15-1701—were inadequate to state a claim against Dollar Tree and/or Michael Grant. Therefore, Plaintiff's prior pleading would not save this claim from summary dismissal in this case even if Plaintiff could rely on the prior pleading. Further, Plaintiff was informed in the Report issued in Case No. 5:15-cv-01951-RMG that he cannot rely on pleadings from previously dismissed cases to substitute for the required factual allegations in any case he seeks to bring subsequently. *Id*. at ECF No. 14 at 10; *see O'Connor v. Carnahan*, No. 3:09cv224/WS/EMT, 2009 WL 3712316, at *1 (N.D. Fla. Nov. 3, 2009) ("Plaintiff may neither name Defendants in the instant case by incorporation by reference from another case nor rely on allegations or papers from that separate action."). Accordingly, the initial review in this case is limited to the pleading now before the court.

Finally, the Complaint under review contains no factual allegations of wrongdoing against any of the other Defendants named. The Complaint's caption is the only place the remaining Defendants are referenced at all in the pleading. Plaintiff does not connect them to any of his minimal allegations. As such, Plaintiff's Complaint is frivolous and subject to summary dismissal as to each of these Defendants: State of South Carolina, Jason King, Charles Patrick, Judge Mullins, SC Budget & Control Board, Judge James Gosnell, Governor Nikki Haley, Mayor Joe Riley, Mayor Keith Sumney, Judge Garfinkel, Judge Kristi Harrington, Judge

Jefferson, State Attorney Alan Wilson, P.D. Ashley Pennington, Prosecutor Scarlett Wilson, Officer Cherry, Officer Ho, Unknown Police Officer, Officer Tugya, Charleston Police Dep't, City of North Charleston Police Dep't, City of Charleston Taxpayers, SC State Taxpayers, County of Charleston Taxpayers, City of North Charleston Taxpayers, CHAMPUS, FNU LNU, FNU LNU, and Officer Richardson. *See Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) ("Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed."); *Newkirk v. Circuit Court of City of Hampton*, No. 3:14CV372-HEH, 2014 WL 4072212 (E.D. Va. Aug. 14, 2014) (complaint subject to summary dismissal where no factual allegations against named defendants within the body of the pleading); *see also Krych v. Hvass*, 83 F. App'x 854, 855 (8th Cir. 2003); *Black v. Lane*, 22 F.3d 1395, 1401 n.8 (7th Cir. 1994); *Walker v. Hodge*, 4 F.3d 991, * 2 n. 2 (5th Cir. 1993); *Banks v. Scott*, 3:13CV363, 2014 WL 5430987, at *2 (E.D. Va. Oct. 24, 2014).

D.     Warnings to Plaintiff Regarding Future *In Forma Pauperis* Filings

Plaintiff has now filed **29** non-habeas civil actions in this court. In each of his cases that progressed p ast the initial order, Plaintiff was granted *in forma pauperis* status. The Report and Recommendation in Case No. 5:15-cv-01951-RMG explicitly warned Plaintiff of the distinct possibility that sanctions might be entered against him if he continued to file inadequate and repetitive pleadings. *Id*., ECF No. 14 at 22-23. Such warning notwithstanding, Plaintiff has now filed a Complaint in which he attempts to raise, without substantial improvement in pleading, the same claims that were found improper and inadequate only one year ago. Once again Plaintiff's pleading has required the court to expend excessive judicial resources to review the pleadings and repeatedly tell Plaintiff why his pleading is inadequate and why his case cannot progress further. As Plaintiff was previously warned, there comes a point at which a litigant should be

required to financially contribute to the court process in which he or she continues to engage through frivolous, repetitive, and inadequate pleadings. This contribution might be derived through the payment of filing fees for all future cases or through imposition and payment of financial sanctions for frivolous filings.

Furthermore, it appears that Plaintiff has a propensity to file frivolous law suits, and that he will continue to pursue such activity, which results in waste of this court's precious judicial resources, unless restrictions are placed on Plaintiff's future submissions to the court. The following civil actions filed by Plaintiff pro se and *in forma pauperis* have been summarily dismissed by the court due to frivolity, maliciousness, or failure to state a claim upon which relief may be granted: Nos. 5:15-cv-01951-RMG; 5:14-244-RMG; 5:13-2632-RMG; 3:12-18-RMG; 3:11-365-RMG; 2:10-2376-RMG; 3:10-1818-RMG; 3:09-3271-PMD. Plaintiff has already been warned that further filing of frivolous, vexational, or delusional cases in this court may lead to the imposition of sanctions. However, it appears that the previous warnings have not been heeded as Plaintiff continues to file duplicative, repetitive, frivolous pleadings raising claims that have already been extensively addressed and found to be improper and non-plausible. These continued filings represent abuse of the privilege of proceeding *in forma pauperis* and result in excessive expenditure of court resources. Accordingly, it appears that Plaintiff should now be sanctioned. The sanction should be entry of a pre-filing injunction that precludes the grant of *in forma pauperis* status in any case wherein the complaint raises claims that are duplicative of the claims asserted in this case that were previously dismissed with prejudice: the bus-accident claim; the SCDMH-placement claim; the property-loss claim; and the medical-malpractice claim against MUSC**.** The court should direct the Clerk of Court to return any pleading that appears to contain such claims to Plaintiff unfiled unless the pleading is accompanied by the full filing fee. Plaintiff will not be completely foreclosed from litigating in

10

this court under this sanction because all he must do to file a case is pay the filing fee, which places Plaintiff in the same position as the majority of other litigants who appear before this court. Also, nothing in the recommended injunction would prevent Plaintiff from filing lawsuits and proceeding *in forma pauperis* in other federal or state courts.

IV.     Recommendation

Accordingly, it is recommended that the district court dismiss the bus-accident, medical-malpractice, SCDMH-placement, and property-loss claims in the Complaint *with prejudice*. The remainder of the Complaint should be dismissed *without prejudice*. *See United Mine Workers v. Gibbs,* 383 U.S. 715 (1966); *see also Neitzke v. Williams*, 490 U.S. at 324-25.

*It is further recommended* that the district court enter a pre-filing injunction preventing Plaintiff from filing additional pleadings containing the bus-accident, medical-malpractice, SCDMH-placement, or property-loss claims without his first paying the full filing fee.

IT IS SO RECOMMENDED.

*/s/ Kaymani D. West*

August 25, 2016  
Florence, South Carolina

Kaymani D. West  
United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

11

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk**
> **United States District Court**
> **Post Office Box 2317**
> **Florence, South Carolina 29503**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).