# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
## CHARLESTON DIVISION

| | | |
|---|---|---|
| Christopher Odom, | ) | Civil Action No. 5:16-2674-RMG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| State of South Carolina, *et al.*, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the Court on the Report and Recommendation of the Magistrate Judge, recommending that Plaintiff's action be dismiss and that Plaintiff be enjoined from refiling certain claims without first paying the full filing fee. For the reasons set forth below, the Court adopts the report and recommendation.

## I.   Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge. 28 U.S.C. § 636(b)(1).

When a proper objection is made to a particular issue, "a district court is required to consider all arguments directed to that issue, regardless of whether they were raised before the magistrate." *United States v. George*, 971 F.2d 1113, 1118 (4th Cir. 1992). However, "[t]he district court's decision whether to consider additional evidence is committed to its discretion, and any refusal will be reviewed for abuse." *Doe v. Chao*, 306 F.3d 170, 183 & n.9 (4th Cir. 2002).

"[A]ttempts to introduce new evidence after the magistrate judge has acted are disfavored," though the district court may allow it "when a party offers sufficient reasons for so doing." *Caldwell v. Jackson*, 831 F. Supp. 2d 911, 914 (M.D.N.C. 2010) (listing cases).

## II. Discussion

Plaintiff filed the present action on July 28, 2016. Pursuant to 28 U.S.C. §636(b)(1), and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), it was referred to the Magistrate Judge. On August 25, 2016, the Magistrate Judge recommended that the complaint be dismissed and that Plaintiff be sanctioned with a prefiling injunction. For the reasons set forth below, the Court adopts the Report and Recommendation.

The complaint reasserts four claims previously dismissed with prejudice: 1) a negligence claim against CARTA Bus Company and associated persons and entities (the "bus accident claim"); 2) a medical malpractice claim against MUSC and Dr. Montgomery (the "medical-malpractice claim"); 3) a claim against Governor Haley, two city mayors, the Charleston County Sheriff, several state judges and prosecutors, a public defender, MUSC, a physician, and various groups of taxpayers regarding Plaintiff's involuntary commitment to the South Carolina Department of Mental Health (the "SCDMH placement claim") and 4) and a claim against Officer Ho and an unknown officer for a bicycle and a driver's license (the "property-loss claim"). *See Odom v. Haley*, Civ. No. 5:15-1951-RMG, 20155 WL 3865814 (D.S.C. June 19, 2015) (dismissing claims with prejudice). Plaintiff also attempts to re-plead defamation and false report claims against Dollar Tree and Michael Grant, which were dismissed without prejudice in *Odom v. Haley*. The complaint contains only conclusory allegations against Dollar Tree and Michael Grant from which the Court cannot determine that any plausible claim exists. Because Plaintiff does not provide any factual background to support his conclusory assertion of "defamation, false report file/arrest on 4-28-15" (Dkt. No. 1 at 5), this court cannot infer that Dollar Tree or Michael Grant

-2-

is liable for any wrongdoing. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (holding that pleadings must contain sufficient "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"). The complaint contains no factual allegations of wrongdoing against the other Defendants, and so it is frivolous and subject to summary dismissal as to each of them: State of South Carolina, Jason King, Charles Patrick, Judge Mullins, SC Budget & Control Board, Judge James Gosnell, Governor Nikki Haley, Mayor Joe Riley, Mayor Keith Sumney, Judge Garfinkel, Judge Kristi Harrington, Judge Jefferson, State Attorney Alan Wilson, P.D. Ashley Pennington, Prosecutor Scarlett Wilson, Officer Cherry, Officer Ho, Unknown Police Officer, Officer Tugya, Charleston Police Dep't, City of North Charleston Police Dep't, City of Charleston Taxpayers, S.C. State Taxpayers, County of Charleston Taxpayers, City of North Charleston Taxpayers, CHAMPUS, FNU LNU, FNU LNU, and Officer Richardson. *See Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) ("Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed."). Because the complaint consists of claims previously dismissed with prejudice and claims without any supporting factual allegations, it lacks any basis in law or fact and is frivolous. *See Nietzke v. Williams*, 490 U.S. 319, 325 (1989). Actions filed under 28 U.S.C. § 1915, which permits indigent litigants to proceed in forma pauperis, may be dismissed *sua sponte* if frivolous. *Id.* The Court therefore adopts the Magistrate Judge's recommendation that the claims previously dismissed with prejudice be summarily dismissed with prejudice and that the remaining claims be dismissed without prejudice.

Plaintiff is a habitual litigant with a propensity to file frivolous lawsuits. He has now filed 29 non-habeas civil actions in this Court. (Dkt. No. 13 at 9.) He has repeatedly been warned that

-3-

further filing of vexatious suits may lead to the imposition of sanctions. (See *id.*) Nonetheless, Plaintiff has continued to file repetitive, vexatious suits. The Magistrate Judge recommends that the time has finally come to sanction Plaintiff. (*Id.*) The Court agrees. The Magistrate Judge recommends that, as a sanction, Plaintiff be enjoined from filing any action raising claims duplicative of the claims raised in this case that were previously dismissed with prejudice, *i.e.*, the bus accident claim, the SCDMH placement claim, the properly loss claim, and the medical malpractice claim, without first paying the full filing fee. (*Id.* at 10–11.)

The All Writs Act, 28 U.S.C. § 1651(a), permits federal courts to limit access to the courts by vexatious and repetitive litigants like Plaintiff. *Cromer v. Kraft Foods N. Am., Inc.*, 390 F.3d 812, 817 (4th Cir. 2004). However, "use of such measures against a *pro se* plaintiff should be approached with particular caution and should remain very much the exception to the general rule of free access to the courts." *Id.* at 817–18 (internal quotation marks omitted). To determine whether a prefiling injunction is warranted, a court must weigh "(1) the party's history of litigation, in particular whether he has filed vexatious, harassing, or duplicative lawsuits; (2) whether the party had a good faith basis for pursuing the litigation, or simply intended to harass; (3) the extent of the burden on the courts and other parties resulting from the party's filings; and (4) the adequacy of alternative sanctions." *Id.* at 818. "After balancing these factors, if a court decides that a prefiling injunction is warranted, the court must ensure that the injunction is narrowly tailored to fit the specific circumstances at issue. A narrowly tailored injunction . . . would address only filings in [a particular action] or related actions." *Thomas v. Fulton*, 260 F. App'x 594, 596 (4th Cir. 2008) (citation and internal quotation marks omitted). Before even a narrowly tailored prefiling injunction issues, the litigant must be afforded notice and an opportunity to be heard. *Cromer*, 390 F.3d at 819.

-4-

Here, every *Cromer* factor weighs in favor of a prefiling injunction regarding claims previously dismissed with prejudice. As noted above, Plaintiff has filed 29 vexatious actions in this Court. The Court finds that Plaintiff has no good faith basis for filing new lawsuits raising claims dismissed with prejudice in previous suits, that Plaintiff's enormous number of frivolous filings imposes a tremendous burden on the courts, and that no other alternative sanctions are available. The recommended injunction is narrowly tailored to address only future filings related to the instant action. Plaintiff has been afforded notice and an opportunity to be heard. When the Magistrate Judge recommended a prefiling injunction as a sanction, Plaintiff was given the opportunity to object to that recommendation. He objected.

> Plaintiff objects to having to respond to the Report & Recommendation of Magistrate K. West bias to not follow the Rules of the Court. By ordering Plaintiff to pay for any more amendment to CARTA Bus claim, and medical malpractice claim bias Magistrate K. West contradict bias Magistrate K. West mis-con[s]true motion to proceed in forma pauperis of bias Magistrate K. West in that the Plaintiff has only on August 26, 2016 request the Court for motion to move in forma pauperis after Plaintiff has brought claim/complaint in proper form.

(Dkt. No. 16 at 8.) Plaintiff's objection has been heard.

For the reasons set forth above, the Court finds that each factor set forth in *Cromer* weighs in favor of the narrowly tailored prefiling injunction the Magistrate Judge recommends. Plaintiff has been afforded notice, his objections have been heard, and the Court finds them unpersuasive. Therefore, Plaintiff is enjoined from filing any motion to proceed *in forma pauperis* in any action raising claims duplicative of the claims raised in this case that were previously dismissed with prejudice, specifically, the bus accident claim, the SCDMH placement claim, the properly loss claim, or the medical malpractice claim.

### III. Conclusion

For the foregoing reasons, the Court **ADOPTS** the Report and Recommendation (Dkt. No. 13) as the Order of the Court; **DISMISSES WITH PREJUDICE** Defendant's bus accident,

medical malpractice, SCDMH placement, and property loss claims; **DISMISSES WITHOUT PREJUDICE** Defendant's remaining claims; **DENIES AS MOOT** Defendant's motion to amend the complaint (Dkt. No. 16), and **ENJOINS** Defendant from filing any motion to proceed *in forma pauperis* in any action raising the bus accident claim, the SCDMH placement claim, the properly loss claim, or the medical malpractice claim, as defined in this Order.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

September 14, 2016
Charleston, South Carolina